Gilmore, J.
If the decree modifying and confirming the master’s report at the August term, 1874, of the Court of Common Pleas was a final decree, from which an appeal could have been, but was not taken, then the matters that were passed upon by the court at that time were not opened up by the appeal taken from the final order of the court, made at the July term, 1875, and the District Court did not err in refusing to permit the master’s report as originally made, or as corrected by the court, to be re-investigated on exceptions filed thereto in the District Court, or in refusing to hear testimony touching the matters contained in that report, and settled by the decree of August, 1874.
The case, therefore, turns upon the question raised by the second assignment of error: Did the District Court err in deciding that the decree of the Court of Common Pleas, rendered at the August term, 1874, was a final decree?
The fifth section of the statute allowing appeals (2 8. & C. 1157) provides “ that appeals may be taken from all final judgments, orders, or decrees in civil actions, in which the parties have not the right, by virtue of the laws of this state, to demand a trial by jury,” etc. This was an appeal-able case.
The distinction between a final and an interlocutory decree or order has been often drawn with more or less clearness'by eminent jurists; yet questions like the one in the present case are constantly arising from the want of observing the distinction between them. The difficulty does not lie in defining the distinctions and laying down the- *444 rules for testing the nature of a decree or order, but in the . application of the rules to a given case.
As to final decrees :
In Cocke’s Adm’r v. Gilpin, 1 Robinson, 26, Baldwin, J., says: “ A decree is final when it either refuses or grants the redress sought by the party complaining.”
In Jaques v. The Trustees of the Methodist Episcopal Church, 17 Johnson, 548, the court says: “A final decree is that which is made when all the material facts in a cause have been ascertained, so as to enable the court of chancery to understand and decide on the merits of the ease.”
In Kelly v. Stanbery, 18 Ohio, 421, Read, J., says: “A decree is final which disposes of the whole merits of the cause, and leaves nothing for further consideration of the COUl’t.”
In Teaff v. Hewitt, 1 Ohio St. 520, Bartley, C.J., says: “ A final decree is one which determines and disposes of the whole.merits of the cause before the court, or a branch of the cause which is separate and distinct from the other parts of the case, reserving no further questions or directions for future determination; so that it will not be necessary to bring the cause again before the court for further decision.”
These definitions, or rather descriptions of a final decree, agree in the main idea, which is : That to be final, the decree must dispose of the merits of the whole cause, or com- . pletely and finally dispose of some branch or part of the ■cause which is separate and distinct from the other parts of the case.
As to interlocutory decrees :
In Kelly v. Stanbery, above cited, it is said: “ A decree is interlocutory which finds the general equities, and the cause is retained for reference, feigned issue, or consideration, to ascertain some matter of fact or law, when it again comes under consideration of the court for final disposition.”
In Teaff v. Hewitt, above cited, it is said: “ An interlocutory decree is one which leaves the equity of the case, or *445 some material question connected with, it, for future determination.”
By the aid of these guides, I think, it can be made plain that the decree of August, 1874, was a final decree.
The case was one for settling and closing up an abandoned partnership business.
The extent and nature of the partnership property were admitted. All the parties desired that the partnership property should be sold in the proceeding. The only matter of controversy between the parties related to the state of the partnership accounts. About these there was a real controversy; in respect to all things else connected with the case, the action was adversary in form only.
In April, 1871, the court made certain preliminary findings as to the rights of the parties, and directed the manner of stating an account, and designated the matters that should enter into it, and referred the cause to a master to take and reduce the testimony to writing, and state an account between the parties, and make his report thereon. This was clearly an interlocutory order. It found the rights of the parties in a general way; directed the mode of ascertaining the facts in reference to the controverted matters, and referred the cause to a master for this purpose, preparatory to a final decree.
On the coming in of the master’s report, accompanied by all the testimony in the case, numerous exceptions, and among them the master’s refusal to allow interest on advances, were filed by Evans.
The testimony, master’s report, and the exceptions to it, under our practice, brought all controverted matters between the parties fully before the court. After a very full hearing on the whole merits of the case, the exceptions to' the master’s report were partly sustained, and the repoi't correspondingly modified; and the other exceptions, including the exception to the master’s refusal to allow interest - on advances, were overruled, and the report, as modified, was approved and confirmed; and the amount due from the firm to the parties respectively as thereby fixed were spe *446 cially found and decreed ; to pay which the firm property was ordered to be sold. Manifestly this was a complete ■determination and disposition of the whole merits of the cause about which there was any controversy, and was therefore a final decree, from which an appeal might well have been taken. Kelly v. Stanbery, 18 Ohio, 422.
The order to sell the partnership property to pay the firm debts, was a matter to which all parties were consenting, and the result of the sale could in no manner affect the previous determination of the case upon its merits. The order to sell was simply an order in execution of the final decree, and the duties to be performed under it purely ministerial, except as to the distribution of the proceeds of sale, which followed as a matter of course, in accordance with the final decree, by order of the court at November term, 1874.
The motion made by Evans in the Court of Common Pleas, at the July term, 1875, in reference to the refusal of the master to allow him interest on his advances and the balance due to him, as found by the master, was, in effect, a motion for a new trial as to those particular matters. The very questions sought to be raised by the motion had been once before the court, and fully tried and determined. The 534th section of the code provides the grounds upon whieh a judgment or order may be modified, after the term at whieh it was made; and the record does not show that Evans, by his motion, brought himself within the provisions ■ of the section—the motion, as we understand it, being in the nature of an assignment of error in law.
But conceding the motion to have been within the spirit of the section, and that the court had power to modify the final decree, still, on the case made, the court, in its discretion, might properly refuse to grant the motion, and its refusal could not be assigned for error; nor did the motion and the ruling of the court upon it so form a part of the case or of the final order of distribution that an appeal from the latter order could bring the motion and the ruling of court upon it again before the district court for determ - ination; and the latter court, therefore, properly refused to *447 hear testimony and determine the questions involved in the motion on appeal.
We find no errors on the record.

Motion overruled.

Welch, C. J., White, Rex, and McIlvaine, JJ., concurred.